**SO ORDERED.**

**SIGNED this 23 day of January, 2009.**



_____
ROBERT E. NUGENT
UNITED STATES CHIEF BANKRUPTCY JUDGE

_____

OPINION DESIGNATED FOR ON - LINE PUBLICATION
BUT NOT PRINT PUBLICATION

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: ) | |
| ) | |
| WILLIAM T. DOUGLAS, ) | Case No. 07-11969 |
| KIMBERLY S. DOUGLAS, ) | Chapter 13 |
| ) | |
| Debtors. ) | |
| _____ ) | |

### MEMORANDUM OPINION

Debtors move for sanctions against the United States acting through the Internal Revenue Service ("IRS") for actions of an IRS agent taken in the course of investigating a possible trust fund tax claim against Debtors under § 6672 of the Internal Revenue Code. The Government moves for summary judgment.

The Government appears by James C. Strong and Martin M. Shoemaker. Debtors appear by Mark J. Lazzo. The Court has carefully reviewed the submissions of the parties and makes the following findings of fact and conclusions of law. The Government's motion should be GRANTED.

This contested matter is a core proceeding of which this Court has jurisdiction. 28 U.S.C. §§ 157(b) and 1334.

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment and is made applicable to contested matters by Rule 9014 of the Federal Rules of Bankruptcy Procedures. Rule 56 provides that summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. A fact is "material" if, under the governing law, it could have an effect on the outcome of the lawsuit. A dispute over a material fact is "genuine" if a rational finder of fact could find in favor of the nonmoving party on the evidence presented. The burden of showing that no genuine issue of material fact exists is borne by the moving party. Where the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy this burden by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim. In considering a motion for summary judgment, the court draws all reasonable inferences in favor of the nonmoving party.[1]

Facts

The Government made 17 averments of facts, all but three were conceded by Debtors and are deemed uncontroverted. In essence, before filing their chapter 13 case here on August 22, 2007, Debtors ran a bridal store in Ohio under the name Bride-N-Party, Ltd (the Company). The Company filed tax returns as a partnership but was, in fact, an Ohio limited liability company. Debtors closed this business before moving to Kansas sometime prior to filing their case. The IRS assessed employment taxes against the Company for 2006 and 2007 in the amount of $8,247.30, with the last

---

[1] *Adamson v. Multi Community Diversified Services, Inc.*, 514 F.3d 1136 (10th Cir. 2008).

2

assessment on April 2, 2007, before this case began. When Debtors filed this case, they scheduled a tax debt to the IRS of $2,268 and offered to treat that debt as a priority in their plan. The IRS had not, and has not yet assessed either of the debtors under 26 U.S.C. § 6672 for trust-fund recovery penalties and, at this point, the debtors are not liable for the Company's unemployment taxes.

The debtors and the IRS differ on the following account. According to the debtors' motion, after their case was filed, they were contacted by an IRS agent in Wichita who asked them to contact him. This first contact occurred on March 24, 2008, well after the petition date. When Mr. Douglas contacted the agent on March 26, he told the agent he had filed this case and provided him with the case number and his counsel's contact information. The agent advised Douglas that the claim he was investigating, the trust-fund recovery claim, was not part of the chapter 13 case and that Douglas was required to disclose certain information to him. When Douglas called back with his counsel on the line, the agent repeated this and, according to Douglas, asked a number of questions about his assets and threatened him with liens, levy, and garnishment of wages. While the Government denies that the contacts were confrontational, it concedes that the agent made contact with the debtors and that he solicited information from the debtors. Because these versions differ only as to tone, and because the Court is required to draw any reasonable inferences in favor of the non-moving parties, here the debtors, the Court concludes for the purpose of this motion, that the agent made the contacts alleged, requested information from the debtors, and told the debtors that he had certain collection powers at his disposal if they did not cooperate in providing the requested information.

On March 31, the debtors filed their sanctions motion. They also filed a proof of claim on behalf of the IRS in the amount of $2,268. The IRS has never filed a proof of claim in this case,

3

nor has it pursued its investigation. Neither levy nor assessment has occurred. Only after Debtors filed their sanctions motion did they forward a copy of it, with a demand letter for damages, to the Local Insolvency Unit of the IRS in Wichita, Kansas (LIU).

Analysis

Debtors seek sanctions against the Government for a violation of the automatic stay imposed by 11 U.S.C. § 362(a).[2] The statutory basis for these sanctions is § 362(k) which provides that the Court may award individual debtors actual and punitive damages for stay violations. The damages sought here are Debtors' attorney's fees of $2,000. The Government moves for summary judgment on two grounds: first, that investigations of tax debts are excepted from the stay by § 362(b)(9)(A) and (D); and second, that Debtors have failed to exhaust their administrative remedies by failing to seek relief from the LIU before proceeding before this Court as is required by 26 U.S.C. § 7433 and Treas. Reg. § 301.7433-1(e), resulting in this Court lacking jurisdiction to grant Debtors' motion.

    A.    The § 362(b)(9) Exception

Section 362(a) stays collection actions by creditors against debtors once their case is filed and until relief of the stay is granted. Section 362(b)(9)(A) excepts from that broad debtor protection the actions of governmental units in making an audit to determine the debtor's tax liability. Section 362(b)(9)(D) excepts from the stay the Government's making an assessment and making demand for payment. A leading treatise suggests that these subsections open the way for governmental units to issue deficiency notices, conduct audits, issue demands, and make

---

[2] All statutory references are to the Bankruptcy Code, Title 11 U.S.C. unless otherwise noted.

assessments against debtors even after a bankruptcy case has been filed.[3] Various courts have concluded that investigations preceding audits, while they are not final assessments, are part of the assessment process and not prohibited collection actions.[4]

On these facts, even Debtors' version of them, it does not appear that the agent demanded money or made an effort to take an interest in property of the debtors' estate. He merely demanded to be told the extent of their assets and told them of the possible means of collection he had at his disposal. Whether or not he was polite, he did not act outside the bounds of subsection (b)(9). Indeed, as the Government points out, no assessment of trust-fund taxes having been made against the debtors, there would be no basis for the IRS to attempt to collect what are essentially corporate taxes owed by the Company from its members. On this basis alone, the Government is entitled to judgment as a matter of law on Debtors' motion.

B. Exhaustion and I.R.C. § 7433

The Government also alleges that because Debtors failed to exhaust their administrative remedies with the IRS before proceeding in this Court, their sanctions motion cannot be granted because this Court lacks subject matter jurisdiction. The Internal Revenue Code provides that aggrieved taxpayers may petition the bankruptcy court to recover damages against the IRS for willful violation of the automatic stay.[5] Damages, however, may not be awarded unless and until

---

[3] 3 *Collier on Bankruptcy*,¶ 362.05[9], pp. 362-70 (15th ed. rev. 2008).

[4] *H & H Beverage Distrib. v. Dept. of Revenue of Pa.*, 850 F.2d 165, 167 (3d Cir.1988), *cert. denied*, 488 U.S. 994, 109 S.Ct. 560, 102 L.Ed.2d 586 (1988)(audit to ascertain extent of claim did not violate automatic stay); *see also Carlson v. IRS*, 198 B.R. 949 (N.D. Ill. 1996) (applying former § 362(b)(9) which did not except the actual act of assessment from the stay); *In re Wood*, 328 B.R. 880 (Bankr. M.D. Fla. 2005)(holding that notices and audits by IRS are a necessary part of establishing a deficiency claim and are not prohibited collection activities).

[5] 26 U.S.C. § 7433(e)(1).

the debtors have exhausted their administrative remedies according to I.R.C. § 7433(d)(1).

The Treasury Regulations provide a specific procedure for filing such an administrative claim. Any claim for less than $1 million is to be filed in writing with the Chief of the LIU in the judicial district where the underlying bankruptcy case is filed.[6] No civil action may be filed in the bankruptcy court until the earlier of (i) the date the LIU renders a decision of the claim, or (ii) the date that is six months after the administrative claim is filed.[7] Here, the debtors filed their motion nearly two months before filing the administrative claim with the IRS and appear to only have done so after their counsel was contacted by Government counsel. This Court concludes that Debtors failed to exhaust their administrative remedies as required by the Internal Revenue Code and the Treasury Regulations and, by virtue of that, their recovery on the sanctions motion is barred.[8]

Conclusion

Finding that there remain no genuine issues of material fact and that the Government is entitled to judgment as a matter of law, the Government's motion for summary judgment is GRANTED. Judgment should be entered denying the debtors' sanctions motion. A Judgment on Decision will issue today.

# # #

---

[6] Treas. Reg. § 301.7433-2(e).

[7] Treas. Reg. § 301.7433-2(d)(1).

[8] *See In re Lowthorp*, 332 B.R. 656, 660 (Bankr. M.D. Fla. 2005) (Succinct summary of exhaustion rules under I.R.C. § § 7430 and 7433).